IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



RILEY CANTRELL,                §
                               §
       Plaintiff,              §
                               §
VS.                            §   NO. 4:18-CV-674-A
                               §
CITY OF WHITE SETTLEMENT,      §
ET. AL.,                       §
                               §
       Defendants.             §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration are three motions to dismiss the claims of plaintiff, Riley Cantrell, in this action. The first motion, doc. 9,[1] was filed by defendants Tarrant County Criminal District Attorney Sharen Wilson ("Wilson") and Tarrant County Sheriff Bill Waybourn ("Waybourn"), the second, doc. 12, was filed by Speedy-Cash ("Speedy-Cash") and ASTRA Collections ("AARS")[2], and the third, doc. 16, was filed by American Home Solutions Home Health (A.H.S.H.H.")[3].

---

[1] The "Doc.___" references are to the number assigned to the referenced items on the docket in this Case No. 4:18-CV-674-A.

[2] Defendants Speedy-Cash and ASTRA Collections state in their motion to dismiss that their proper legal names are Curo Financial Technologies Corp. d/b/a Speedy Cash and Ad Astra Recovery Services, Inc, respectively.

[3] The motion to dismiss filed on behalf of American Home Solutions Home Health says that: "[p]laintiff has incorrectly named Chris Conelly d/b/a American Home Solutions ... as a defendant" and that "[p]laintiff dealt with ConCare, LLC d/b/a American Home Care Solution." The reference to "A.H.S.H.H." includes Chris Conelly d/b/a American Home Solutions and ConCare, LLC d/b/a American Home Care Solution.

Having considered the motions, plaintiff's response thereto,[4] the applicable legal authorities, and the entire record, the court finds that the motions should be granted.

I.

<u>Plaintiff's Complaint</u>

The complaint is a 69-page document that is extremely difficult to read or understand.[5] It has virtually no organization, and appears to be but a cataloging, in some form or another, of plaintiff's criticisms of persons or events. Apparently plaintiff has not been satisfied with the treatment he has received from a number of people in the past, and he has used his 69-page filing to note his responses to that treatment.

Plaintiff names as defendants "City of White Settlement, et al."; "White Settlement Police Dept."; "Tarrant District Attorney"; "Tarrant Sheriff"; "American Home Solutions Home Health"; "1st Choice Home Health"; "Speedy-Cash"; and "ASTRA Collections." The court cannot locate in the document an indication as to whether individual defendants are being sued in

---

[4] Plaintiff filed on September 17, 2018, a document titled "Plaintiff Riley Cantrell's Motion to Deny Defendants Pleas for Dismissal," after Wilson and Waybourn had filed their motion to dismiss. Since it largely addresses arguments made in their motion to dismiss, the court will consider it to have been plaintiff's response to their motion. Plaintiff failed to respond to either of the other motions to dismiss.

[5] The complaint was accompanied by a 23-page document that included a group of photographs and a Walmart photo receipt. Doc. 7.

their individual capacities or their official capacities or both capacities. The court is assuming that they were sued in both capacities. That being so, the court is treating the action as being against Tarrant County, Texas, as well as the Tarrant County District Attorney and the Tarrant County Sheriff.

II.

Grounds of the Motions

Each of the motions to dismiss urges as its main ground the failure of plaintiff to state a claim upon which relief may be granted. Waybourn and Wilson add in their motion as additional grounds insufficient process and insufficient service of process.

III.

Plaintiff's Reply to the Motion Filed
by Wilson and Waybourn

As previously noted, supra at 2 n.4, the court is considering the document filed by plaintiff on September 17, 2018, to be a response by plaintiff to the motion filed by Wilson and Waybourn. That responsive document does not provide any substantive response to anything in the Wilson and Waybourn motion. It, for the most part, contains sarcastic comments directed to Wilson, Waybourn, and others with whom plaintiff has had contact in the recent past.

IV.

Analysis

A. Pleading Standards to Determine Whether a Claim Has Been Stated

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999).

B.  **Plaintiff Has Failed to Satisfy the Pleading Standards for Statement of a Claim Against Any of the Movants**

After searching through the 69-page complaint, the court is unable to find statements of fact that would enable the court to conclude that plaintiff has alleged a plausible claim against any of the movants. Indeed, the court cannot tell with any degree of certainty from the facts alleged in the document the precise nature of any cause of action attempted to be alleged by plaintiff against any of the movants. There is no allegation in the complaint that would overcome the immunity enjoyed by Wilson as prosecutor, nor are there any facts alleged that would overcome the qualified immunity enjoyed by Waybourn as Sheriff of Tarrant County, Texas. Nor are facts alleged against any of the movants that would satisfy the elements of any cause of action against any of the movants or against Tarrant County, Texas.

Therefore, all three motions under consideration are granted based on the failure of plaintiff to state a claim against any of the movants or Tarrant County, Texas, upon which relief may be granted.

V.

Order

Therefore,

The court ORDERS that each of the motions under consideration be, and are hereby, granted, and that all claims and causes of action asserted by plaintiff against Wilson, Waybourn, Speedy-Cash, AARS, A.H.S.H.H., and Tarrant County, Texas, be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to each of such dismissals.

SIGNED October 22, 2018.

_____
JOHN MCBRYDE
United States District Judge